KANOSKI & ASSOCIATES
Todd Bresney
237 East Front Street
Bloomington, Illinois 61701
TEL:   (309)829-5700
FAX:   (309)829-8499
toddb@kanoski.com

GABROY LAW OFFICES
Christian Gabroy (Nev. Bar #8805)
170 S. Green Valley Pkwy. Suite 280
Henderson, NV 89012
TEL:   (702) 259-7777
FAX:   (702) 943-1936
christian@gabroy.com

ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KAREN J. WILSON, Individually and as Independent Administrator of the Estate of LARRY A. WILSON, a Deceased Person,<br><br>    Plaintiffs,<br><br>    vs.<br><br>JESSE R. CRUZ, Individually and as Agent of CLEM-TRANS, INC., a foreign corporation; GEOVANY MARTINEZ, Individually and as Agent of CLEM-TRANS, INC., a foreign corporation; JOSE CASTRO, Individually and as Agent of CLEM-TRANS, INC., a foreign corporation; SALVADOR SOLORZANO, Individually and d/b/a SS Trucking, and as Agent of CLEM-TRANS, INC., a foreign corporation; GLORY CLEMONS-BROWN, Individually and as Agent of CLEM-TRANS, INC., a foreign corporation a foreign corporation; CLEM-TRANS, INC., a foreign corporation; A.P. EXPRESS, L.L.C., a foreign limited liability company; A.P. EXPRESS WORLDWIDE, L.L.C., a foreign limited | Case No.: 2:12-cv-00051-LDG-(VCF)<br><br>**FIRST AMENDED COMPLAINT**<br><br>JURY DEMAND |

liability company; MATHESON FAST
FREIGHT, INC, a foreign corporation;
MATHESON TRUCKING, INC., a foreign
corporation; DEPENDABLE HIGHWAY
EXPRESS, INC., a foreign corporation,
Individually and as Successor-in-interest to
MATHESON TRUCKING, INC.; DOE(S)
(INDIVIDUALS) I-X and ROE(S)
(CORPORATION(S) LIMITED LIABILITY
COMPANIE(S) AND OTHER CORPORATE
ENTITIE(S)) XI-XX, inclusive;

Defendants.

NOW COME the Plaintiffs, KAREN J. WILSON, individually and as independent administrator of the Estate of LARRY WILSON, deceased, by and through their attorneys, GABROY LAW OFFICES, and complaining of Defendants JESSE R. CRUZ, individually and as an agent of CLEM-TRANS, INC., a foreign corporation, JOSE CASTRO, CLEM-TRANS, INC., a foreign corporation, EXPRESS, L.L.C., a foreign limited liability company, A.P. EXPRESS WORLDWIDS, L.L.C., a foreign limited liability company and unknown individuals, corporations and other business entities, states as follows:

1.  This action arises under federal diversity jurisdiction. 28 U.S.C. § 1332. Plaintiffs are citizens of Illinois, Defendants are citizens of California and Nevada and the amount in controversy exceeds $75,000. Jurisdiction is proper in the District of Nevada because this case arises out of a motor vehicle collision in Clark County, Nevada.

2.  On April 17, 2010, Larry Wilson was a passenger in a vehicle that struck a semi-tractor trailer that was stopped in the right-hand traffic lane of northbound Interstate 15 in Clark County, Nevada. Wilson was severely injured in the crash, and died from his injuries that day. At the time of his death, Wilson was a citizen of Illinois.

3.  Plaintiff Karen Wilson, Larry's widow, was appointed independent administrator of the Estate of Larry Wilson by the Circuit Court of Effingham County, Illinois. She was and is a

citizen of Illinois. She is an heir of the Larry Wilson estate, as are his sons Richard Wilson and Dustin Wilson.

4.      Defendant Jesse Cruz is a citizen of California. He drove the semi-tractor trailer that was stopped in traffic.

5.      Defendant Geovany Martinez is a citizen of California. He voluntarily undertook to render assistance to Jesse Cruz's disabled vehicle when it was stopped in traffic on April 17, 2010.

6.      Defendant Jose Castro is a citizen of California. On information and belief, he owned the semi-tractor that was stopped in traffic on April 17, 2010.

7.      Defendant Salvador Solorzano is a citizen of California. On information and belief he engaged the services of Defendants Jesse Cruz, Geovany Martinez and Jose Castro, whether on his own account or on behalf of Clem-Trans, Inc., and entrusted them with their respective job duties on or about April 17, 2010.

8.      Defendant Glory Clemons-Brown is a citizen of California. On information and belief, she was responsible for maintaining the Defendants' tractor and trailer in the time leading up to and culminating in the collision of April 17, 2010.

9.      On information and belief, at the time of the collision, the semi-tractor carried a trailer leased by Defendant Clem-Trans, Inc. Clem-Trans, Inc. is a California corporation with its principal place of business in California.

10.     On information and belief, and pleading in the alternative from Paragraph 6, Defendant Clem-Trans, Inc. owned the semi-tractor that was stopped in traffic on April 17, 2010.

11.     On information and belief at the time of the collision, the semi-tractor carried a trailer owned by Defendant A.P. Express, L.L.C. Defendant A.P. Express L.L.C. is a California limited liability company with its principal place of business in California.

12.     On information and belief at the time of the collision, Defendants Jesse Cruz, Jose Castro and Clem-Trans, Inc. operated and maintained the semi-tractor trailer according to policies enforced by Defendant A.P. Express Worldwide, L.L.C., established in a lease it prepared on behalf of its subsidiary A.P. Express, L.L.C. Defendant A.P. Express Worldwide, L.L.C. is a California limited liability company with its principal place of business in California.

13.     On information and belief at the time of the collision, Defendants Clem-Trans, Inc., Salvador Solorzano or Glory Clemons-Brown, and each of them, were engaged in a joint venture with Defendants A.P. Express, L.L.C. and A.P. Express Worldwide, L.L.C., at the time of the collision in Clark County, Nevada.

14.     On information and belief, and pleading in the alternative to Paragraph 10, at the time of the collision, the semi-tractor carried a trailer owned or leased by Defendant Matheson Fast Freight, Inc. Matheson Fast Freight, Inc. is a California corporation with its principal place of business in California.

15.     On information and belief, and pleading in the alternative to Paragraph 12, at the time of the collision, Defendants Cruz, Castro and Clem-Trans, Inc. operated and maintained the semi-tractor trailer according to policies enforced by Defendant Matheson Trucking, Inc., established in a lease it prepared on behalf of its subsidiary, Defendant Matheson Fast Freight, Inc. Matheson Trucking, Inc. is a California corporation with its principal place of business in California.

16.     On information and belief, and pleading in the alternative to Paragraph 13, Defendants Clem-Trans, Inc., Salvador Solorzano and Glory Clemons-Brown, and each of them, were engaged in a joint venture with Matheson Fast Freight, Inc. and Matheson Trucking, Inc. at the time of the collision in Clark County, Nevada.

17.     On information and belief, and pleading in the alternative to Paragraph 15, at the time of the collision, Defendants Cruz, Castro and Clem-Trans, Inc. operated and maintained the semi-tractor trailer according to policies enforced by Defendant Dependable Highway Express, Inc., established in a lease it prepared on behalf of its subsidiary, Defendant Matheson Fast Freight, Inc. Dependable Highway Express, Inc. is a California corporation with its principal place of business in California.

18.     On information and belief, and pleading in the alternative to Paragraph 16, Defendants Clem-Trans, Inc., Salvador Solorzano and Glory Clemons-Brown, and each of them, were engaged in a joint venture with Matheson Fast Freight, Inc. and Dependable Highway Express, Inc. at the time of the collision in Clark County, Nevada.

19.     Defendants Doe I through Doe X and Roe Corporation XI through Roe Corporation XX, in their true capacities as individuals, corporations or other business entities, associates of the Defendants named herein or otherwise, are unknown to the Plaintiffs who, therefore, sue these Defendants by fictitious names. Plaintiffs are informed and believe that these defendants, Doe I through Doe X and Roe Corporation XI through Roe Corporation XX are responsible, in some way, for the events alleged in this complaint and proximately caused damage to Plaintiffs as alleged. Plaintiffs will ask for leave from this court to amend the Complaint when the true names and capacities of Doe I through Doe X and Roe Corporation XI through Roe Corporation XX are ascertained, and join these Defendants in this cause.

## Count I: Negligence of J. Cruz / Survival

20.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-19 as if fully set forth herein.

21.     Defendant Jesse Cruz negligently stopped his semi-tractor trailer in a lane for vehicle traffic and caused the vehicle in which Plaintiffs' decedent was a passenger to strike his semi-tractor trailer.

22.     On information and belief, Defendant Jesse Cruz negligently performed repairs to the tractor-trailer on or before April 17, 2010, and negligently failed to inspect and maintain the tractor-trailer, which caused the tractor-trailer to break down in the road on April 17, 2010, in Clark County, Nevada.

23.     As a direct and proximate result of this Defendant's negligence, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

24.     This count is alleged in accordance with N.R.S. 41.100.

## Count II: Negligence *per se* of J. Cruz / Survival

25.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-23 as though fully set forth herein.

26.     On information and belief, at all times relevant to this complaint, Defendant Jesse Cruz violated one or more of the following statutes, ordinances and regulations: 49 C.F.R. Part 390, 49 C.F.R. Part 392, 49 C.F.R. Part 393, 49 C.F.R. Part 396, N.R.S. 484B.450, N.R.S. 484B.457, N.R.S. 484B.473, N.R.S. 484B.500, N.R.S. 484B.533, N.R.S. 484D.100, N.R.S. 484D.105, N.R.S. 484D.115, N.R.S. 484D.120, N.R.S. 484D.125, N.R.S. 484D.140, N.R.S. 484D.150, N.R.S. 484D.155, N.R.S. 404D.160, N.R.S. 484D.165, N.R.S. 484D.460, and other federal and state laws.

27.     Plaintiffs were members of the class of persons these laws were intended to protect and Plaintiffs suffered harms these laws were intended to prevent or ameliorate.

28.     As a direct and proximate result of this Defendant's violation of these statutes, ordinances and regulations, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

29.     This count is alleged in accordance with N.R.S. 41.100.

### Count III: Negligence of G. Martinez / Survival

30.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-19 as if fully set forth herein.

31.     Defendant Geovany Martinez voluntarily undertook to render aid to Jesse Cruz and his disabled vehicle on or about April 17, 2010 in Clark County, Nevada.

32.     Defendant Geovany Martinez was negligent in rendering aid to Jesse Cruz and his disabled vehicle on or about April 17, 2010 in Clark County Nevada.

33.     As a direct and proximate result of this Defendant's negligence, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

34.     This count is alleged in accordance with N.R.S. 41.100.

### Count IV: Negligence *per se* of G. Martinez / Survival

35.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-34 as though fully set forth herein.

36.     On information and belief, at all times relevant to this complaint, Defendant Geovany Martinez violated one or more of the following statutes, ordinances and regulations: 49 C.F.R. Part 390, 49 C.F.R. Part 393, N.R.S. 484B.473, N.R.S. 484B.500, N.R.S. 484B.533, N.R.S. 484D.120, N.R.S. 484D.165, N.R.S. 484D.460, and other federal and state laws.

37.     Plaintiffs were members of the class of persons these laws were intended to protect and Plaintiffs suffered harms these laws were intended to prevent or ameliorate.

38.     As a direct and proximate result of this Defendant's violation of these statutes, ordinances and regulations, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

39.     This count is alleged in accordance with N.R.S. 41.100.

### Count V: Vicarious Liability of J. Castro / Survival

40.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-29 as if fully set forth herein.

41.     On information and belief, at all times relevant to Plaintiffs' complaint, Defendant Jesse Cruz was an agent of Defendant Jose Castro.

42.     Defendant Jesse Cruz was acting at within the scope of his employment for Defendant Castro and at his direction, and under his control when he committed the negligent acts and omissions complained of in Paragraphs 1 through 29.

43.     As a direct and proximate result of Defendant's agent's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills,

and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

44.     This count is alleged in accordance with N.R.S. 41.100.

### Count VI: Negligence of J. Castro, / Survival

45.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-29 as if fully set forth herein.

46.     On information and belief Defendant Jose Castro was negligent in hiring Defendant Jesse Cruz, in training him, in supervising him, and in maintaining the semi-tractor and trailer at issue in this complaint.

47.     On information and belief, and pleading in the alternative to Paragraph 22, Defendant Jose Castro negligently performed repairs on or before April 17, 2010, which caused the tractor-trailer to break down on April 17, 2010, in Clark County, Nevada.

48.     As a direct and proximate result of this Defendant's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

49.     This count is alleged in accordance with N.R.S. 41.100.

### Count VII: Vicarious Liability of S. Solorzano / Survival

50.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-49 as if fully set forth herein.

51.     On information and belief, and pleading in the alternative to Count V, at all times relevant to Plaintiffs' complaint, Defendants Jesse Cruz, Geovany Martinez and Jose Castro were agents of Defendant Salvador Solorzano.

52.     On information and belief, and pleading in the alternative to Paragraph 51, at all times relevant to Plaintiffs' complaint, Defendants Jesse Cruz, Geovany Martinez and Jose Castro were agents of Defendant Salvador Solorzano d/b/a SS Trucking.

53.     Defendants Jesse Cruz, Geovany Martinez and Jose Castro were acting at within the scope of their respective employments for Defendant Solorzano and at his direction, and under his control when they committed the negligent acts and omissions complained of in Paragraphs 1 through 49.

54.     As a direct and proximate result of Defendant's agent's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

55.     This count is alleged in accordance with N.R.S. 41.100.

### Count VIII: Negligence of S. Solorzano, / Survival

56.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-39 as if fully set forth herein.

57.     On information and belief, and pleading in the alternative from Count VI, Defendant Salvador Solorzano was negligent in hiring Defendants Jesse Cruz and Geovany Martinez, in training them in supervising them, and in maintaining the semi-tractor and trailer at issue in this complaint

58.     On information and belief, and pleading in the alternative from Paragraph 57, Defendant Salvador Solorzano d/b/a SS Trucking was negligent in hiring Defendants Jesse Cruz and Geovany Martinez, in training them, in supervising them, and in maintaining the semi-tractor and trailer at issue in this complaint

59.     As a direct and proximate result of this Defendant's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

60.     This count is alleged in accordance with N.R.S. 41.100.

### Count IX: Vicarious Liability of G. Clemons-Brown / Survival

61.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-49 as if fully set forth herein.

62.     On information and belief, and pleading in the alternative from Counts V and VII, at all times relevant to Plaintiffs' complaint, Defendants Jesse Cruz, Geovany Martinez and Jose Castro were agents of Defendant Glory Clemons-Brown.

63.     Defendants Jesse Cruz, Geovany Martinez and Jose Castro were acting at within the scope of their employments for Defendant Clemons-Brown and at her direction, and under her control when they committed the negligent acts and omissions complained of in Paragraphs 1 through 49.

64.     As a direct and proximate result of Defendant's agent's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

65.     This count is alleged in accordance with N.R.S. 41.100.

### Count X: Negligence of G. Clemons-Brown, / Survival

66.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-49 as if fully set forth herein.

67.     On information and belief, and pleading in the alternative from Counts VI and VIII, Defendant Glory Clemons-Brown was negligent in hiring Defendants Jesse Cruz and Geovany Martinez, in training them, in supervising them, and in maintaining the semi-tractor and trailer at issue in this complaint.

68.     On information and belief, and pleading in the alternative from Counts I, VI and VIII, Defendant Glory Clemons-Brown negligently performed repairs on or before April 17, 2010, which caused the tractor-trailer to break down on April 17, 2010, in Clark County, Nevada.

69.     As a direct and proximate result of this Defendant's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

70.     This count is alleged in accordance with N.R.S. 41.100.

### Count XI: Vicarious Liability of Clem-Trans, Inc. / Survival

71.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-70 as if fully set forth herein.

72.     At all times relevant to Plaintiffs' complaint, Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano and Glory-Clemons Brown were agents or subagents of Defendant Clem-Trans, Inc.

73.     On information and belief, and pleading in the alternative to Paragraph 72, Defendants Salvador Solorzano, individually or d/b/a SS Trucking, and Glory-Clemons Brown, and each of them, were engaged in a joint venture with Defendant Clem-Trans, Inc.

74.     Defendants Cruz, Martinez, Castro, Solorzano and Clemons-Brown were acting at within the scope of their employment for Defendant Clem-Trans, and at its direction, and under its control when they committed the negligent acts and omissions complained of in Paragraphs 1 through 70.

75.     As a direct and proximate result of Defendants' agent's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

76.     This count is alleged in accordance with N.R.S. 41.100.

### Count XII: Negligence of Clem-Trans, Inc. / Survival

77.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-70 as if fully set forth herein.

78.     Defendant Clem-Trans, Inc. was negligent in hiring Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano, and Glory Clemons-Brown, in training them, in supervising them, and in maintaining the semi-tractor and trailer at issue in this complaint.

79.     Defendant Clem-Trans, Inc. was negligent in employing an individual, who had been ordered out of service as a driver by the Federal Motor Carrier Safety Administration for repeated violations of FMCSA regulations, to serve as its supervisor over Defendants Cruz, Martinez, Castro and Solorzano, with respect to training, safety and compliance with FMCSA regulations.

80.     On information and belief, and pleading in the alternative from Counts I, VI, VIII and X, Defendant Clem-Trans, Inc. negligently performed repairs on or before April 17, 2010, which caused the tractor-trailer to break down on April 17, 2010, in Clark County, Nevada.

81.    As a direct and proximate result of this Defendant's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

82.    This count is alleged in accordance with N.R.S. 41.100.

### Count XIII: Negligence *per se* of Clem-Trans, Inc. / Survival

83.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-70 as though fully set forth herein.

84.    On information and belief, at all times relevant to this complaint, Defendant Clem-Trans, Inc., in its capacity as a federally registered motor carrier, violated one or more of the following statutes, ordinances and regulations: 49 C.F.R. Part 380, 49 C.F.R. Part 390, 49 C.F.R. Part 393, 49 C.F.R. Part 396, and other federal and state laws.

85.    Plaintiffs were members of the class of persons these laws were intended to protect and Plaintiffs suffered harms these laws were intended to prevent or ameliorate.

86.    As a direct and proximate result of this Defendant's violation of these statutes, ordinances and regulations, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

87.    This count is alleged in accordance with N.R.S. 41.100.

### Count XIV: Vicarious Liability of A.P. Express, L.L.C. / Survival

88.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

89.     At all times relevant to Plaintiffs' complaint, Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano, Glory Clemons-Brown and Clem-Trans, Inc. were agents or subagents of Defendant A.P. Express, L.L.C.

90.     Defendants Cruz, Martinez, Castro, Solorzano, Clemons-Brown and Clem-Trans, Inc. were acting at within the scope of their employment for Defendant A.P. Express, L.L.C., and at its direction, and under its control when they committed the negligent acts and omissions complained of in Paragraphs 1 through 87.

91.     As a direct and proximate result of Defendants' agent's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

92.     This count is alleged in accordance with N.R.S. 41.100.

### Count XV: Negligence of A.P. Express, L.L.C. / Survival

93.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

94.     Defendant A.P. Express, L.L.C. was negligent in hiring Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano and Glory Clemons-Brown, in training them and in supervising them; in leasing a trailer to Defendant Clem-Trans, Inc., in enforcing its lease with Defendant Clem-Trans, Inc.; and in maintaining the semi-tractor and trailer at issue in this complaint.

95.     On information and belief, and pleading in the alternative from Counts I, VI, VIII, X and XII, Defendant A.P. Express, L.L.C. negligently performed repairs on or before April 17, 2010, which caused the tractor-trailer to break down on April 17, 2010, in Clark County, Nevada.

96.     As a direct and proximate result of these Defendants' negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

97.     This count is alleged in accordance with N.R.S. 41.100.

**Count XVI: Vicarious Liability of A.P. Express Worldwide, L.L.C. / Survival**

98.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

99.     On information and belief, and pleading in the alternative from Count XIV, at all times relevant to Plaintiffs' complaint, Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano, Glory Clemons-Brown, Clem-Trans, Inc. and A.P. Express, Inc. were agents or subagents of Defendant A.P. Express Worldwide, L.L.C.

100.    Defendants Cruz, Martinez, Castro, Solorzano, Clemons-Brown and Clem-Trans, Inc. were acting at within the scope of their employment for Defendant A.P. Express Worldwide, L.L.C., and at its direction, and under its control when they committed the negligent acts and omissions complained of in Paragraphs 1 through 87.

101.    As a direct and proximate result of Defendants' agent's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

102.    This count is alleged in accordance with N.R.S. 41.100.

**Count XVII: Negligence of A.P. Express Worldwide, L.L.C. / Survival**

103.   Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

104.   On information and belief, and pleading in the alternative from Count XV, Defendant A.P. Express Worldwide, L.L.C. was negligent in hiring Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano and Glory Clemons-Brown, in training them and in supervising them; in leasing a trailer to Defendant Clem-Trans, Inc., in enforcing its lease with Defendant Clem-Trans, Inc.; and in maintaining the semi-tractor and trailer at issue in this complaint.

105.   On information and belief, and pleading in the alternative from Counts I, VI, VIII, X, XII, and XV Defendant A.P. Express Worldwide, L.L.C. negligently performed repairs on or before April 17, 2010, which caused the tractor-trailer to break down on April 17, 2010, in Clark County, Nevada.

106.   As a direct and proximate result of these Defendants' negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

107.   This count is alleged in accordance with N.R.S. 41.100.

**Count XVIII: Vicarious Liability of Matheson Fast Freight, Inc. / Survival**

108.   Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

109.   On information and belief, and pleading in the alternative from Counts XIV and XVI, at all times relevant to Plaintiffs' complaint, Defendants Jesse Cruz, Geovany Martinez, Jose

Castro, Salvador Solorzano, Glory Clemons-Brown and Clem-Trans, Inc. were agents or subagents of Defendant Matheson Fast Freight, Inc.

110.   Defendants Cruz, Martinez, Castro, Solorzano, Clemons-Brown and Clem-Trans, Inc. were acting at within the scope of their employment for Defendant Matheson Fast Freight, Inc., and at its direction, and under its control when they committed the negligent acts and omissions complained of in Paragraphs 1 through 87.

111.   As a direct and proximate result of Defendants' agent's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

112.   This count is alleged in accordance with N.R.S. 41.100.

**Count XIX: Negligence of Matheson Fast Freight, Inc. / Survival**

113.   Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

114.   On information and belief, and pleading in the alternative from Counts XV and XVII, Defendant Matheson Fast Freight, Inc. was negligent in hiring Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano and Glory Clemons-Brown, in training them and in supervising them; in leasing a trailer to Defendant Clem-Trans, Inc., in enforcing its lease with Defendant Clem-Trans, Inc.; and in maintaining the semi-tractor and trailer at issue in this complaint.

115.   On information and belief, and pleading in the alternative from Counts I, VI, VIII, X, XII, XV, XVII, Defendant Matheson Fast Freight, Inc. negligently performed repairs on or

before April 17, 2010, which caused the tractor-trailer to break down on April 17, 2010, in Clark County, Nevada.

116.    As a direct and proximate result of these Defendants' negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

117.    This count is alleged in accordance with N.R.S. 41.100.

**Count XX: Vicarious Liability of Matheson Trucking, Inc. _et al._ / Survival**

118.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

119.    On information and belief, and pleading in the alternative from Counts XIV, XVI and XVIII, at all times relevant to Plaintiffs' complaint, Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano, Glory Clemons-Brown, Clem-Trans, Inc. and Matheson Fast Freight, Inc. were agents of Defendant Matheson Trucking, Inc..

120.    Defendants Cruz, Martinez, Castro, Solorzano, Clemons-Brown, Clem-Trans, Inc. and Matheson Fast Freight, Inc. were acting at within the scope of their employment for Defendant Matheson Trucking, Inc. and at its direction, and under its control when they committed the negligent acts and omissions complained of in Paragraphs 1 through 87.

121.    As a direct and proximate result of Defendants' agent's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

122.    This count is alleged in accordance with N.R.S. 41.100.

**Count XXI: Negligence of Matheson Trucking, Inc. / Survival**

123.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

124.    On information and belief, and pleading in the alternative from Counts XV, XVII, XIX, Defendant Matheson Trucking, Inc. was negligent in hiring Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano and Glory Clemons-Brown, in training them and in supervising them; in leasing a trailer to Defendant Clem-Trans, Inc., in enforcing their lease with Defendant Clem-Trans, Inc.; and in maintaining the semi-tractor and trailer at issue in this complaint.

125.    On information and belief, and pleading in the alternative from Counts I, VI, VIII, X, XII, XV, XVII and XIX, Defendant Matheson Trucking, Inc. negligently performed repairs on or before April 17, 2010, which caused the tractor-trailer to break down on April 17, 2010, in Clark County, Nevada.

126.    As a direct and proximate result of these Defendants' negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

127.    This count is alleged in accordance with N.R.S. 41.100.

**Count XXII: Vicarious Liability of Dependable Highway Express, Inc. *et al.* / Survival**

128.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

129.    On information and belief, and pleading in the alternative from Counts XIV, XVI and XVIII, at all times relevant to Plaintiffs' complaint, Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano, Glory Clemons-Brown and Clem-Trans, Inc. were agents of Defendant Dependable Highway Express, Inc. and / or Defendants Doe I through Doe X and Roe Corporation XI through Roe Corporation XX.

130.    Defendants Cruz, Martinez, Castro, Solorzano, Clemons-Brown and Clem-Trans, Inc. were acting at within the scope of their employment for Defendant Dependable Highway Express, Inc., Doe and Roe, and at their direction, and under their control when they committed the negligent acts and omissions complained of in Paragraphs 1 through 87.

131.    As a direct and proximate result of Defendants' agent's negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

132.    This count is alleged in accordance with N.R.S. 41.100.

### Count XXIII: Negligence of Dependable Highway Express, Inc. *et al.* / Survival

133.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

134.    On information and belief, and pleading in the alternative from Counts XV, XVII, XIX, Defendants Dependable Highway Express, Inc. and / or Doe I through Doe X and Roe Corporation XI through Roe Corporation XX were negligent in hiring Defendants Jesse Cruz, Geovany Martinez, Jose Castro, Salvador Solorzano and Glory Clemons-Brown, in training them and in supervising them; in leasing a trailer to Defendant Clem-Trans, Inc., in enforcing their

lease with Defendant Clem-Trans, Inc.; and in maintaining the semi-tractor and trailer at issue in this complaint.

135.    On information and belief, and pleading in the alternative from Counts I, VI, VIII, X, XII, XV, XVII and XIX, Defendant Dependable Highway Express, Inc. and / or Defendants Doe I through Doe X and Roe Corporation XI through Roe Corporation XX negligently performed repairs on or before April 17, 2010, which caused the tractor-trailer to break down on April 17, 2010, in Clark County, Nevada.

136.    As a direct and proximate result of these Defendants' negligent acts and omissions, Plaintiffs' decedent, Larry Wilson, suffered sustained severe and fatal physical injuries, which caused severe pain and suffering. Plaintiff incurred medical bills, hospital bills, pharmacy bills, and other related bills for treatment of his injuries, and to alleviate his pain and suffering, and has suffered damages in an amount in excess of $75,000.

137.    This count is alleged in accordance with N.R.S. 41.100.

### Count XXIV: Wrongful Death – J. Cruz

138.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-29 as if fully set forth herein.

139.    Defendant Jesse Cruz was negligent. As a direct and proximate result of this Defendant's negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

140.    As a direct and proximate result of this Defendant's negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

141.    This count is alleged in accordance with N.R.S. 41.085.

## Count XXV: Wrongful Death – G. Martinez

142.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-39 as if fully set forth herein.

143.    Defendant Geovany Martinez was negligent. As a direct and proximate result of this Defendant's negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

144.    As a direct and proximate result of this Defendant's negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

145.    This count is alleged in accordance with N.R.S. 41.085.

## Count XXVI: Wrongful Death – J. Castro

146.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-29 and 40-49 as if fully set forth herein.

147.    Defendant Jose Castro was negligent and is vicariously liable for the conduct of Defendant Jesse Cruz. As a direct and proximate result of this Defendant's negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

148.    As a direct and proximate result of these Defendants' negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

149.    This count is alleged in accordance with N.R.S. 41.085.

## Count XXVII: Wrongful Death – S. Solorzano

150.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-60 as if fully set forth herein.

151.     Defendant Salvador Solorzano was negligent and is vicariously liable for the conduct of Defendant Jesse Cruz. As a direct and proximate result of this Defendant's negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

152.     As a direct and proximate result of these Defendants' negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

153.     This count is alleged in accordance with N.R.S. 41.085.

### Count XXVIII: Wrongful Death – G. Clemons-Brown

154.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-49 and 61-70 as if fully set forth herein.

155.     Defendant Glory Clemons-Brown was negligent and is vicariously liable for the conduct of Defendant Jesse Cruz. As a direct and proximate result of this Defendant's negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

156.     As a direct and proximate result of these Defendants' negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

157.     This count is alleged in accordance with N.R.S. 41.085.

### Count XXIX: Wrongful Death – Clem-Trans, Inc.,

158.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 as if fully set forth herein.

159.     Defendant Clem-Trans, Inc. was negligent and was vicariously liable for the conduct of Defendants Jesse Cruz and Jose Castro. As a direct and proximate result of these Defendants' negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

160.    As a direct and proximate result of these Defendants' negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

161.    This count is alleged in accordance with N.R.S. 41.085.

### Count XXX: Wrongful Death – A.P. Express, L.L.C.

162.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-101 as if fully set forth herein.

163.    Defendant A.P. Express, L.L.C. was negligent and was vicariously liable for the conduct of Defendants Jesse Cruz, Jose Castro and Clem-Trans, Inc. As a direct and proximate result of these Defendants' negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

164.    As a direct and proximate result of these Defendants' negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

165.    This count is alleged in accordance with N.R.S. 41.085.

### Count XXXI: Wrongful Death – A.P. Express Worldwide, L.L.C.

166.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-105 as if fully set forth herein.

167.    Defendant A.P. Express Worldwide, Inc. was negligent and was vicariously liable for the conduct of Defendants Jesse Cruz, Jose Castro and Clem-Trans, Inc. As a direct and proximate result of these Defendants' negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

168.    As a direct and proximate result of these Defendants' negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

This count is alleged in accordance with N.R.S. 41.085.

### Count XXXII: Wrongful Death – Matheson Fast Freight, Inc.

169.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 and Paragraphs 104-113 as if fully set forth herein.

170.    Defendant Matheson Fast Freight, Inc. was negligent and was vicariously liable for the conduct of Defendants Jesse Cruz, Jose Castro and Clem-Trans, Inc. As a direct and proximate result of these Defendants' negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

171.    As a direct and proximate result of these Defendants' negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000. This count is alleged in accordance with N.R.S. 41.085.

### Count XXXIII: Wrongful Death – Matheson Trucking, Inc., *et al.*

172.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87 and Paragraphs 104-123 as if fully set forth herein.

173.    Defendant Matheson Trucking, Inc. was negligent and is vicariously liable for the conduct of Defendants Jesse Cruz, Jose Castro, Clem-Trans, Inc. and Matheson Fast Freight, Inc. As a direct and proximate result of these Defendants' negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

174.    As a direct and proximate result of these Defendants' negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

175.    This count is alleged in accordance with N.R.S. 41.085.

**Count XXXIV: Wrongful Death – Dependable Highway Express, Inc., *et al.***

176.　Plaintiffs repeat and re-allege the allegations of Paragraphs 1-87, Paragraphs 104-113 and Paragraphs 124-133 as if fully set forth herein.

177.　Defendants Dependable Highway Express, Inc. and Doe and Roe were negligent and were vicariously liable for the conduct of Defendants Jesse Cruz, Jose Castro, and Clem-Trans, Inc. As a direct and proximate result of these Defendants' negligence, Plaintiffs' decedent, Larry Wilson, was wrongfully killed.

178.　As a direct and proximate result of these Defendants' negligence, Plaintiff Karen Wilson has suffered grief and sorrow; and the loss of companionship, society, comfort, consortium and probable support from Plaintiff's decedent, Larry Wilson, in an amount in excess of $75,000.

179.　This count is alleged in accordance with N.R.S. 41.085.

　　　WHEREFORE, Plaintiffs, KAREN J. WILSON, individually and as independent administrator of the Estate of LARRY WILSON, deceased, pray that this Honorable Court enter judgment in their favor and against Defendants JESSE R. CRUZ, individually and as an agent of CLEM-TRANS, INC., GEOVANY MARTINEZ, individually and as an agent of CLEM-TRANS, INC., JOSE CASTRO, Individually and as an agent of CLEM-TRANS, INC., SALVADOR SOLORZANO, individually and as an agent of CLEM-TRANS, INC., GLORY CLEMONS-BROWN, individually and as an agent of CLEM-TRANS, INC., CLEM-TRANS, INC., A.P. EXPRESS, L.L.C. and A.P. EXPRESS WORLDWIDE, L.L.C., MATHESON FAST FREIGHT, INC., MATHESON TRUCKING, INC., DEPENDABLE HIGHWAY EXPRESS, INC., and other unknown individuals, corporations and other business entities, for general and special damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, such amount to be determined at trial.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Dated this 22nd day of March, 2012.

By:   /s/ Todd Bresney
KANOSKI & ASSOCIATES
Todd Bresney
237 East Front Street
Bloomington, Illinois 61701
TEL:        (309)829-5700
FAX:        (309)829-8499
toddb@kanoski.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2012, the undersigned electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and sent paper copies to the following via first-class U.S. mail:

| | | |
|---|---|---|
| Jesse R. Cruz | Jose R. Castro | Clem-Trans, Inc. |
| c/o Loren S. Young | 1310 Hunter Drive | c/o Byron Brown |
| Lincoln, Gustafson & Cercos | Redlands, CA 92374 | McCormick Barstow, L.L.P. |
| 3960 Howard Hughes Pkwy. | | 8337 W. Sunset Rd., Suite 350 |
| Suite 200 | | Las Vegas, NV 89113 |
| Las Vegas, NV 89169 | | |
| | | |
| A.P. Express, L.L.C.. | Geovany Martinez | |
| A.P. Express Worldwide, LLC | c/o Kyle Koger | |
| 8500 Rex Road | Shook & Stone | |
| Pico Rivera, CA 90660 | 710 S. 4th St. | |
| | Las Vegas, NV 89101 | |

/s/ Todd Bresney
KANOSKI & ASSOCIATES
237 East Front Street
Bloomington, IL 61701
(309) 829-5700