# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KAREN J. WILSON,

    Plaintiff,

v.

JESSE R. CRUZ, *et al*.,

    Defendants.

Case No. 2:12-cv-00051-LDG (VCF)

**ORDER**

    As alleged in the Second Amended Complaint, on April 17, 2010, Larry Wilson was a passenger in a semi-tractor trailer that struck another, disabled semi-tractor trailer.  Larry died as a result of the injuries he sustained in the crash.

    Larry's wife, Karen Wilson, brought the instant suit against numerous individuals and entities that she alleges have some connection to or responsibility for the disabled semi-tractor trailer.  Defendant Clem-Trans, Inc. moves for a more definite statement (#64), arguing that the Second Amended Complaint is so convoluted as to preclude a proper response.  Karen opposes (#71), arguing that her allegations, which she has properly pled in the alternative, do not require a further statement.  Defendants Glory Clemons-Brown and Salvador Villalobos each move to dismiss (## 77, 108), arguing that as Karen has alleged each is a corporate officer of Clem-Trans, they cannot be held individually liable for

acts of the corporation. Karen opposes each of the motions (## 84, 112), arguing that she has properly pled, in the alternative, allegations against the individual defendants in their individual capacity rather than as officers of the corporation. The Court will deny each of the motions.

Motions to Dismiss

A motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon such motions, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations." *Id.,* at 1950.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

Rule 8(d)(2) also expressly permits a party to set out 2 or more statements of a claim in the alternative, and the pleading as a whole is sufficient if at least one of the alternative statements is sufficient.  Further, pursuant to Rule 8(d)(3), these alternative statements need not be consistent.

Analysis

Clemons-Brown asserts, in her summary of her argument, that "[t]aking all of Plaintiff's [sic] averments as contained in the Second Amended Complaint as true, Plaintiffs cannot maintain their claims against Clemons-Brown in this litigation.  Plaintiffs' allegations against Clemons-Brown are identical to those levied against Clem-Trans, the corporation of which Clemons-Brown is a [sic] alleged to be a corporate officer."  The summary of argument provided by Villalobos, who is represented by the same counsel as Clemons-Brown, uses nearly identical language.

While the Court must accept each allegation of a complaint as true, the Court must also recognize that, when inconsistent claims are alleged in the alternative, each allegation is considered only in support of the claim for which it is stated.  Thus, in considering the sufficiency of a claim alleged in the alternative to another claim, the Court accepts as true

those allegations supporting the claim and disregards those allegations specific to the alternative claim.

For example, in the present matter, Karen alleges in ¶6 of the Second Amended Complaint that Villalobos owned the stopped semi-tractor. She also alleges in ¶17, expressly as an alternative to ¶6, that Clem-Trans owned the stopped semi-tractor. In considering whether Karen sufficiently alleged a claim against Villalobos in his capacity as the owner of the semi-tractor, the Court considers (and accepts as true) only the allegation that Villalobos owned the semi-tractor. The Court properly disregards the inconsistent allegation that Clem-Trans, rather than Villalobos, owned the semi-tractor; the allegation of Clem-Trans ownership was stated in the alternative and in support of a claim alternative to that brought against Villalobos as the owner. Conversely, when considering whether Karen sufficiently alleged a claim against Clem-Trans as the owner of the semi-tractor, the Court accepts as true the allegation that Clem-Trans owned the semi-tractor and disregards the inconsistent allegation that Villalobos owned the semi-tractor.

The difficulty presented by the instant complaint and the defendants' motions is that (a) Karen has crafted a complaint best described as overly complex and (b) Karen, herself, appears to have failed to master her pleading. The result is a complaint that is difficult to comprehend as to some details and that possibly contains claims that, if carefully parsed, would reveal themselves to rest upon self-defeating allegations that are not expressly stated in the alternative.

The gist of the complaint, however, is rather straightforward. A semi-tractor, maintained by an individual or several individuals, became disabled and its driver stopped the vehicle in the roadway. The driver is liable for negligently stopping the vehicle in the roadway. The individual (or individuals) who performed maintenance on the vehicle are liable for doing so negligently, or in a manner contrary to relevant statutes, ordinances, and regulations. The owner (or owners) of the disabled semi-tractor are either vicariously liable

4

for the acts of their agents or employees in driving or maintaining the semi-tractor, or directly liable for negligently hiring and supervising those individuals. Also apparent from the complaint is that, at the time Karen filed her complaint, she did not know who owned the semi-tractor or who was a relevant agent or employee of the owner. Rather, she had identified numerous different individuals and entities that, she believed, could either be an owner or an agent of the owner. As a result, she attempted to plead each potential owner (and the relevant agents and employees of that owner) in the alternative. Thus, Villalobos acted, alternatively, as an owner, an agent or employee of one of several alternative owners, or as an officer of a corporate owner. Regardless of whether Karen precisely alleged in the alternative each capacity in which Villalobos may have acted, the entirety of her complaint sufficiently indicates that her allegation that Villalobos was a corporate officer of Clem-Trans does warrant dismissal of claims brought against him in those alternatively-alleged capacities. Similarly, dismissal of the claims brought against Clemons-Brown is unwarranted for the same reasons. Karen's allegation that Clemons-Brown was an officer of Clem-Trans does not preclude Karen from also pursuing alternative claims against Clemons-Brown for acts committed in some capacity other than as a corporate officer.

<u>Motion for a More Definite Statement</u>

In moving for a more definite statement, Clem-Trans asserts that the Second Amended Complaint is so vague and convoluted as to preclude the filing of an intelligently formulated response. Clem-Trans further indicates that it had determined the original complaint was convoluted and ambiguous, but (being informed that an Amended Complaint would be filed), waited for the filing of the Amended Complaint before deciding whether to move for a more definite statement. Clem-Trans asserts, however, that the Amended Complaint did not clarify but merely added more parties. Nevertheless, Clem-Trans asserts that (after again being informed that the complaint would be amended a second time) it would wait until the Second Amended Complaint was filed before deciding

whether to move for a more definite statement.  Upon the filing of the Second Amended Complaint (which added more parties), Clem-Trans has moved for the more definite statement.

Rule 12(e) permits a motion for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."

Absent from Clem-Trans' recitation of the background is an acknowledgment that, with respect to the Amended Complaint (and regardless of whether it considered filing a Rule 12(e) motion) Clem-Trans was able to reasonably prepare a response to that complaint and file an answer.  The docket further establishes that several of Clem-Trans' co-defendants have been able to reasonably prepare responses and file answers to the original complaint, the Amended Complaint, and the Second Amended Complaint.  Also absent from Clem-Trans' motion is any indication as to why the differences between the Amended and Seconded Amended Complaint rendered the Second Amended Complaint (but not the Amended Complaint) so vague and ambiguous as to prohibit reasonably preparing a response.  Rather, a review of the two complaints indicates that the asserted defects in the Second Amended Complaint, as raised by Clem-Trans in its Rule 12(e) motion, were present in the Amended Complaint.  In short, the defects of which Clem-Trans now complains did not preclude Clem-Trans from reasonably preparing a response to the Amended Complaint.  The Court agrees that the Second Amended Complaint, as the result of a liberal use of pleading in the alternative, is convoluted.  The Court disagrees, however, that the Second Amended Complaint is so vague and ambiguous as to prohibit the reasonable preparation of a response.  Accordingly, the Court will deny the motion for a more definite statement.

Therefore, for good cause shown,

THE COURT **ORDERS** that Clem-Trans, Inc.'s Motion for a More Definite Statement (#64) is DENIED;

1  THE COURT FURTHER **ORDERS** that Glory Clemons-Brown's Motion to Dismiss
2  (#77) is DENIED;
3  THE COURT FURTHER **ORDERS** that Salvador Villalobos's Motion to Dismiss
4  (#108) is DENIED.

6  DATED this 26 day of March, 2013.

_____
Lloyd D. George
United States District Judge