1

2

3

4                                **UNITED STATES DISTRICT COURT**

5                                    **DISTRICT OF NEVADA**

6                                             **\*\*\***

7

   KAREN J. WILSON,

8
                           Plaintiff,              2:12-cv-00051-LDG-VCF
9
   vs.                                             **ORDER**
10
   JESSE R. CRUZ, *et al.,*                        **(Motion To Compel #171)**
11
                           Defendants.
12
           Before the court is Plaintiff's Motion To Compel.  (#171).  Defendant Clem-Trans, Inc.
13
   (hereinafter "Clem-Trans") filed an Opposition (#178), and plaintiff failed to file a reply.
14
   **Motion to Compel**
15
           **I.       Relevant Background**
16
           On December 21, 2012, plaintiff served requests for production of documents on defendant
17
   Clem-Trans, and defendant did not respond.  (#171)(Exhibit A).   The requests pertained to
18
   documentation of defendant "corporation's hiring, training, routes, maintenance records and other
19
   information that is intrinsically connected to the issues in dispute in this case."  *Id.*  Based upon
20
   defendant's representation, the parties proceeded with the belief that no documents existed due to the
21
   business's closure.  (#178).  On January 23, 2013, during a depositions in this action, it was revealed
22
   that records were kept despite the business's closure.  (#171).  Defense counsel represented to plaintiff
23
   that documents were being "located and retrieved," and on May 20, 2013, plaintiff provided defendant
24
   with an additional four weeks to produce the documents.  *Id* (Exhibit F); (#178).
25
           In June of 2013, defense counsel informed plaintiff's counsel that defendant identified thirty

   banker boxes full of business records, and that the documents were being reviewed in order to determine

what documents would be responsive to the discovery requests.  (#178).  On June 17, 2013, plaintiff's counsel spoke to defense counsel on the telephone, and asked defendant to provide a "firm estimate" of when information would be made available.  (#171).  Defense counsel represents to the court that on June 17, 2013, plaintiff was informed that defendant's lead counsel was on an "emergency leave of absence due to the sudden terminal illness and passing of her husband," and that plaintiff agreed to allow defense counsel additional time to take care of personal matters and would follow up in a few weeks.  *Id.*   On July 2, 2013, plaintiff filed the instant motion to compel.  (#171).  Defendant filed an opposition on July 19, 2013.  (#178).  Plaintiff did not file a reply.

## II.    Arguments

Plaintiff argues that, "to date, attorneys for [d]efendant have not given [p]laintiffs' cousnel reasonable assurances that production is forthcoming," and asks this court to enter an order compelling defendant Clem-Trans to "furnish a complete response" to plaintiff's discovery requests within fourteen (14) days.  (#171).  Plaintiff's counsel represents to the court that "[t]he parties have been unable to resolve this situation without the [c]ourt's intervention."  *Id.*

Defendant Clem-Trans asserts in its opposition that the motion should be denied because: (1) plaintiff failed to meet and confer as required by Local Rule 26-7(b), (2) plaintiff failed to include a certificate confirming that such a meet and confer was conducted, (3) the "facts surrounding this particular matter demonstrate that [Clem-Trans] anticipated that such a conference between the parties to discuss this outstanding discovery would occur before [p]laintiff would file a motion to compel," and (4) the motion is futile, as the discovery responses will be provided before all pleadings on this motion have been filed."  (#178).  Defendant asserts that during the June 17, 2013, conversation, plaintiff's counsel represented that "[p]laintiff would follow up in the coming weeks on [defense counsel's] return date and status of discovery."  *Id.*   Defendant asserts that this "follow up" did not occur, and that plaintiff instead filed the instant motion to compel (#171).  Plaintiff did not file a reply.

1

2

### III.    Relevant Law/Discussion

3

Pursuant to Local Rule 26-7(b), "[d]iscovery motions will not be considered unless a statement

4

of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so,

5

the parties have been unable to resolve the matter without Court action."  Federal Rule of Civil

6

Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the

7

movant has in good faith conferred or attempted to confer with the person or party failing to make

8

disclosure or discovery in an effort to obtain it without court action."

9

Plaintiff's motion to compel does not include a certification that the parties met and conferred in

10

a good faith effort to resolve the discovery dispute before seeking the court's intervention as required by

11

the Local Rules and the Fed. R. Civ. P., rather the motion includes one sentence stating that "[t]he

12

parties have been unable to resolve this situation without the [c]ourt's intervention."  (#171).  Plaintiff

13

did not file a reply in support of the motion to compel (#171) and in response to the defendant's

14

opposition (#178).  Plaintiff did not dispute defendant's assertion that plaintiff's motion (#171) was

15

filed in violation of the court's Local Rules and should be denied as futile (#178).  Plaintiff also did not

16

dispute defendant's statement that the responsive documents would be provided before the briefing on

17

the instant motion was complete (#178).  The court, therefore, concludes that defendant provided

18

documents in response to plaintiff's discovery requests, and that the motion (#171) is futile.

19

The court also finds that denying plaintiff's motion (#171) for failure to comply with the Local

20

Rules of this court and the Fed. R. Civ. P. is warranted.  *See* LR 26-7(b) and Fed. R. Civ. P. 26(a)(1).

21

Plaintiff is advised that if any dispute arises regarding the documents produced in response to the

22

plaintiff's discovery requests at issue herein, or any other discovery request, plaintiff <u>must</u> comply with

23

LR 26-7(b) and Fed. R. Civ. P. 26(a)(1) and meet and confer in a good faith effort to resolve any dispute

24

before filing a motion with the court.  Failure to do so may result in the imposition of sanctions.

25

Accordingly, and for good cause shown,

1

2

3          IT IS ORDERED that plaintiff's Motion To Compel (#171) is DENIED for failure to comply

with LR 26-7(b) and Fed. R. Civ. P. 26(a)(1).

4

5          IT IS FURTHER ORDERED that if any dispute arises regarding the documents produced in

response to the plaintiff's discovery requests at issue herein, or any other discovery request, plaintiff

6

7  must comply with LR 26-7(b) and Fed. R. Civ. P. 26(a)(1) and meet and confer in a good faith effort to

resolve any dispute before filing a motion with the court.  Failure to do so may result in the imposition

8

of sanctions.

9          DATED this 6th day of August, 2013.

10

                                                          _____
11
                                                          CAM FERENBACH
                                                          UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25