# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KAREN J. WILSON, *et al.*,

    Plaintiffs,

v.

JESSE R. CRUZ, *et al.*,

    Defendants.

Case No. 2:12-cv-00051-LDG (VCF)

**ORDER**

Lexington Insurance Company moves to intervene. (#152). The motion is opposed by all current parties to this litigation. (## 154, 164, 166). In addition, the plaintiff Karen Wilson requests leave to file a sur-reply (#175), which motion is joined by certain defendants (#177), and which motion Lexington has opposed (#176). The Court will deny both the motion for leave to file the sur-reply and the motion to intervene.

Leave to File Sur-reply

Wilson seeks leave to file a sur-reply, asserting that it is necessary to respond to arguments first raised by Lexington in its reply. Lexington counters that it has not raised any new arguments in its reply, merely "variations on arguments" first raised in its opening brief. A comparison of Lexington's cursory opening memorandum and its much lengthier

reply suggests that Lexington is relying on an overly broad definition of "variations" that this Court will not adopt. Among other items, Lexington's reply asserts that it is entitled to permissive intervention pursuant to Rule 24(b), an argument not suggested in its opening brief. As another example, Lexington's explanation for its delay in filing the motion to intervene expands from a single conclusory sentence in its opening brief to a full paragraph and two exhibits in its reply. In light of the significant expansion of arguments between the opening and reply brief, the court will exercise its discretion by considering neither arguments untimely supported or argued in Lexington's reply nor Wilson's sur-reply addressing those untimely asserted or supported arguments.

<u>Motion to Intervene</u>

As alleged in Wilson's Second Amended Complaint, on April 17, 2010, her husband, Larry Wilson, was a passenger in a semi-tractor trailer that struck another, disabled semi-tractor trailer that was stopped in a traffic lane of an interstate freeway. Larry died as a result of the injuries he sustained in the crash. Wilson brought the instant suit against numerous individuals and entities, including Jesse Cruz and Clem-Trans, Inc., that she alleges have some connection to or responsibility for the stopping of the disabled semi-tractor trailer in the traffic lane.

Lexington seeks intervention as a matter of right under Rule 24(a)(2).[1] Federal Rule of Civil Procedure 24(a)(2) requires the court to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). An applicant seeking to intervene "as of right" pursuant

---

[1] As noted earlier, Lexington's opening memorandum of points and authorities in support of its motion to intervene offers no argument or indication that it seeks permissive intervention.

to Rule 24(a)(2) must satisfy four requirements: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (internal quotation marks and citations omitted); *accord United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

"[A]lthough an applicant seeking to intervene has the burden to show that these four elements are met, 'the requirements are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting Alisal Water Corp., 370 F.3d at 919); *see also S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("In general, we construe Rule 24(a) liberally in favor of potential intervenors."). Furthermore, "[i]n determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations." *Alisal Water Corp.*, 370 F.3d at 919; *accord Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir.2011).

In determining whether a motion to intervene is timely, the court considers three factors: "(1) the stage of the proceedings at which intervention is sought; (2) the prejudice that would be suffered by other parties if intervention were granted; and (3) the reason for and length of the delay in seeking intervention." *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997).

Stage of Proceedings

Though discovery remained open when Lexington filed its motion, the last date on which to amend pleadings or add parties had expired by more than six months.

Prejudice

The accident in this matter occurred April 17, 2010. Lexington did not move to intervene and file its complaint-in-intervention until May 14, 2013, more than three years after the accident occurred. For Lexington's insured, whom Lexington alleges is a party whose property was damaged in that accident, Nevada's three-year statute of limitations for damages to personal property expired prior to the filing of the motion to intervene. *See,* Nev. Rev. Stat. §11.190. Lexington's subrogation claims accrued on the date of the property damage to its insured. *State Farm. Mut. Auto. Ins. Co. v. Wharton*, 88 Nev. 183, 187 (1972).

Lexington asserts, in its moving papers, that the Ninth Circuit has held that a subrogated insurer has a right to intervene to enforce its right of subrogation, citing *Cummings v. United States*, 704 F.2d 437, 439 (9th Cir. 1983). While a subrogated insurer can intervene in appropriate circumstances, Lexington's 's reliance on *Cummings* is misplaced. In that decision, the Ninth Circuit determined that the subrogated insurer's intervention had the same effect as a substitution of the insurer (the real party) for the insured (who had timely filed a complaint). "Such a substitution would relate back to the filing of the original complaint." *Id.,* at 439-440  In the present matter, Lexington's insured is not, and never has been, a party to this litigation. Lexington's complaint-in-intervention, therefore, cannot act or have the same effect as a substitution of the real party. That Lexington's insured employed the decedent does not make Lexington a real party in interest to a suit brought by the decedent's widow. That Lexington's complaint-in-intervention would, if filed on its own, be barred by the statute of limitations, suggests to the Court that the plaintiff and the defendants would be prejudiced by Lexington's intervention in this matter. That Rules 15 and 17 jurisprudence suggest Lexington's complaint-in-intervention does not relate back to Wilson's complaint indicates to the Court that the prejudice to the plaintiff and defendants would be unfairly prejudicial.

<u>Reason for Delay</u>

Having carefully reviewed the entirety of Lexington's opening memorandum, the only explanation the Court could discover explaining Lexington's delay is its bald assertion "it subsequently learned of [Wilson's] action and now seeks to intervene."

<u>Conclusion</u>

Given the late stage of proceedings, the unfair prejudice to the parties, and Lexington's lack of any meaningful explanation for its delay, the Court concludes that Lexington's motion is not timely. As Lexington has not satisfied the first of the four required elements necessary to showing that it has a right to intervene, the Court need not consider the remaining three requirements. Therefore,

THE COURT **ORDERS** that Plaintiff's Motion for Leave to File Sur-reply (#175) is DENIED;

THE COURT FURTHER **ORDERS** that Lexington Insurance Company's Motion to Intervene (#152) is DENIED.

DATED this 4 day of November, 2013.

Lloyd D. George
United States District Judge